**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LISA RAMSHUR** | * CIVIL ACTION NO. 24-659 |
| Plaintiff, | * JUDGE |
| vs. | * MAGISTRATE JUDGE |
| **STATE FARM FIRE & CASUALTY COMPANY** | * JURY DEMAND |
| Defendant. | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**NOW INTO COURT,** through undersigned counsel, comes Complainant, Lisa Ramshur (hereinafter "Complainant"), and files her *Complaint for Damages and Demand for Jury Trial* against Defendant, State Farm Fire & Casualty Co. (hereinafter "Defendant" or "State Farm"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **LISA RAMSHUR**, a person of full legal age and capacity, residing, and domiciled in the city of Angie, Parish of Washington, State of Louisiana; Plaintiff is a citizen of the State of Louisiana.

2. Made Defendant herein is **STATE FARM FIRE & CASUALTY COMPANY**, an Illinois domiciled insurance corporation, authorized to do and is doing business in the State of Louisiana and the Parish of Washington, whose principal place of business is in the state of Illinois, and who is registered in Illinois; Defendant is a citizen of the state of Illinois, which may be served through which may be served through the Louisiana Secretary of State, 8585 Archives Ave. Baton Rouge, LA 70809.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between the parties as Plaintiff is a citizen of the State of Louisiana and Defendant is a citizen of the State of Illinois; further, the amount in controversy is greater than the minimum jurisdictional amount of $75,000, as is alleged below.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, Complainant resides in this District, and the property that is subject to the dispute between Complainant and Defendant is located in this District.

## III. RELEVANT FACTS

5. At all times relevant hereto, Complainant owned the property located at 54328 Highway 62, Angie, Louisiana 70426 (the "Property").

6. At all times relevant hereto, Defendant provided a policy of insurance, number 18BSK2952 (the "Policy"), to Complainant which covered the Property against perils including hurricanes and provided the following coverages: $259,400 for Dwelling; $25,940 for Other Structures; $142,670 for Personal Property; $77,820 for Loss of Use; *inter alia*.

7. On or around March 22, 2022, a hail and wind storm caused significant damages to Complainant's Property.

8. Complainant promptly reported the loss to State Farm, who assigned it claim number 1841R087R.

9. On or about February 13, 2023, Defendant inspected the Property and documented $6,421.35 replacement cost value ("RCV") for the Dwelling, and after over-depreciating

the structure and applying the policy deductible, totaled $252.85; the proceeds fell far short of what was needed to make repairs.

10. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

11. Defendant has only disbursed insufficient funds to Complainant to date.

12. Complainant was unable to make meaningful repairs to her Property with the meager proceeds allowed by Defendant.

13. On January 4, 2023, Exact Building Consultants ("EBC") inspected the Property and estimated $97,705.70 as the replacement cost value ("RCV") for the Dwelling.

14. This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

15. As a result of Defendant's failure to timely and adequately compensate Complainant for her covered loss, he was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

16. As a result of Defendant's failure to timely and adequately compensate Complainant for his substantial losses, the Property remains in a state of disrepair.

17. Upon information and belief, Defendant's failure to timely and adequately compensate Complainant for her loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

18. Upon information and belief, Defendant purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

19. Upon information and belief, Defendant conducted the investigation and claims handling for Complainant's Hurricane Ida claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

20. Complainant has incurred or will incur additional living expenses as a result of the damages caused to ger Property by Hurricane Ida, including those additional living expenses that will be incurred during the repair of the Property.

### III. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

21. Complainant realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

22. An insurance contract, the Policy, exists between Complainant and Defendant.

23. The Policy provides coverages for perils including hurricanes.

24. Despite having received satisfactory proof of loss for damages caused by Hurricane Ida, Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

25. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of its inspection, Defendant breached the Policy.

26. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the EBC estimate, Defendant breached the Policy.

27. By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, Defendant breached the Policy.

28. By failing to conduct the claims handling for Complainant's Ida claim in good faith and with fair dealing, Defendant breached the Policy.

29. Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

## B. Bad Faith

30. Complainant realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

31. The actions and/or inactions of Defendant in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

32. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

33. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

34. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

35. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with her Hurricane Ida claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from EBC.

36. Defendant's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

37. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

38. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time it received the EBC estimate was in bad faith.

39. Defendant's handling of Complainant's Claim was in bad faith.

## IV.  DAMAGES

40. Complainant realleges and re-avers the allegations contained in the preceding paragraphs, above, above, as if restated herein.

41. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

    a.  Diminution of the value of the Property;

    b.  Actual repair costs;

    c.  Reimbursement for personal repairs at the Property;

    d.  Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e.  Additional living expenses;

    f.  Mental anguish;

    g.  Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

    h.  Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## V. JURY DEMAND

42. Complainant requests a trial by jury.

**WHEREFORE,** Complainant, Lisa Ramshur, prays that, Defendant, State Farm Fire & Casualty Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, Lisa Ramshur, and against, Defendant, State Farm Fire & Casualty Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

_____
Galen M. Hair, La. Bar No. 32865
Madison Pitre, La. Bar No. 38867
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Serv. Rd. W, Suite 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hairshunnarah.com
pitre@hairshunnarah.com